IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| LAUREN KING, | ) |
| Plaintiff, | ) |
| | ) No. 1:12-cv-1292 |
| vs. | ) |
| | ) |
| INTERNAL CREDIT SYSTEMS, INC., | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, LAUREN KING, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, INTERNAL CREDIT SYSTEMS, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Columbia, South Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of North Carolina and which has its principal place of business in Durham, North Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about September of 2012 in attempts to collect the aforementioned alleged debt.

9. On or about August 28, 2012, Plaintiff received a letter from the creditor, Gold's Gym that she owed an alleged debt of $49.98 for gym membership fees.

10. On or about September 10, 2012, Plaintiff received a letter from Defendant stating that she owed an alleged debt to Gold's Gym in the amount of $274.94, an amount that included Defendant's collection agency fees. Said fees are not permitted to be collected pursuant to Plaintiff's underlying contract with Gold's Gym.

11. On or about September 20, 2012, Plaintiff sent a letter to Defendant disputing the alleged debt and requested for all collection activities to cease.

12. On or about September 28, 2012, Plaintiff received a letter from Defendant misrepresenting:

   a. Plaintiff's right to a pro-rated refund when she relocated pursuant to North Carolina Law;

   b. that ABC Financial received no response to its attempts to contact Plaintiff;

   c. the 90 day provision Defendant claims to exist in Plaintiff's contract with the creditor; and

   d that collection agency fees are permitted to be collected and are owed by Plaintiff.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   b. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

   c. Collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or was not permitted by law, in violation of 15 U.S.C. § 1692f(1); and

3

e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LAUREN KING, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

15. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a. Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4);

b. Communicating credit information which was known or which should have been known to be false and/or failing to communicate that the alleged debt was disputed, in violation of N.C. Gen. Stat.§ 58-70-110;

4

      c.      Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of N.C. Gen. Stat. § 58-70-110;

      d.      Collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or was not permitted by law, in violation of N.C. Gen. Stat § 58-70-115(2); and

      e.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

17. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LAUREN KING, respectfully prays for a judgment against Defendant as follows:

      a.      Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com