IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LAUREN KING, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL CREDIT SYSTEMS, INC., )<br>)<br>       Defendant. ) | 1:12CV1292 |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion to Dismiss [Doc. #4] filed by Defendant Internal Credit Systems, Inc. ("Defendant") in this suit brought by Plaintiff Lauren King ("Plaintiff") for alleged violation of the Fair Debt Collection Practices Act. However, the Court notes that Defendant's "Motion to Dismiss" was simply asserted as part of the Answer in this case, and was not filed as a separate Motion with an accompanying brief as required by this Court's Local Rule 7.3(a). In this regard, the Answer includes, *inter alia*, paragraphs headed "Motion to Dismiss/Affirmative Defense" raising the following contentions: (1) insufficient service of process; (2) failure to state a claim under Rule 12(b)(6); and (3) failure to join a necessary party. Plaintiff filed a "Response" to the Answer, noting that the Motion to Dismiss was not fully briefed. On that basis, Plaintiff moved to strike the Motion to Dismiss. Defendant filed a Reply Brief noting that the Motion to Dismiss is "not suited to be briefed or set for hearing" at this time. Specifically, with respect to service of process, Defendant notes that the time for filing proper service of process has not yet run, so that issue is not ready to be

presented to the Court. With respect to the motion to dismiss for failure to state a claim or failure to join a necessary party, Defendant asks that these matters be addressed following the completion of discovery. Defendant therefore asks that further consideration of these matters be deferred. Defendant subsequently filed a supplemental brief challenging service of process, but again noted that the deadline for filing proof of service still has not yet passed.

In the circumstances, the Court concludes that the "Motions to Dismiss" included in the Answer were not intended to be submitted as separate motions and are not properly presented for consideration at this time. In light of Defendant's request that these matters be deferred, the Motion to Dismiss for failure to state a claim and for failure to join a necessary party should be dismissed without prejudice to Defendant filing dispositive motions following the close of discovery. The Motion to Dismiss for insufficient service of process should also be dismissed without prejudice at this time, since the time for service has not yet run and the motion has not been properly presented in compliance with the Local Rules.

Accordingly, the Court recommends that to the extent Defendant's Answer has been docketed as a "Motion to Dismiss," that Motion should be denied without prejudice to dispositive motions being filed in compliance with the Local Rules and with the required briefing at the appropriate time. Defendant's Answer shall otherwise remain on the docket with full effect. To the extent Plaintiffs seek to strike the Motion to Dismiss, that request should be denied given the determination set out above.

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss [Doc. #4] be denied without prejudice as set out herein.

This, the 18th day of March, 2013.

                                                /s/ Joi Elizabeth Peake
                                               United States Magistrate Judge